FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 24, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JANA MARIE B.,

                    Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

NO:  2:17-CV-405-FVS

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 12, 16.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney Dana C. Madsen.  Defendant is represented by Special Assistant United States Attorney Lars J. Nelson.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 12, is denied and Defendant's Motion, ECF No. 16, is granted.

## JURISDICTION

Plaintiff Jana Marie B.[1] (Plaintiff), filed for supplemental security income (SSI) on May 15, 2014, alleging an onset date of August 18, 2007.[2] Tr. 139-41, 447. Benefits were denied initially, Tr. 75-78, and upon reconsideration, Tr. 447. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on June 9, 2016. Tr. 22-46. On June 29, 2016, the ALJ issued an unfavorable decision, Tr. 447-58, and on October 6, 2017, the Appeals Council denied review. Tr. 437-41. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 26 years old at the time of the hearing. Tr. 30. She left school in the ninth grade. Tr. 30. She was in special education classes. Tr. 30. Her primary

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[2] Under Title XVI, benefits are not payable before the date of application. 20 C.F.R. §§ 416.305, 416.330(a); S.S.R. 83-20. At the hearing, Plaintiff amended the alleged onset date to the application date of May 15, 2014. Tr. 25.

work experience was working at a Chinese restaurant for one month. Tr. 31-32. She testified she cannot read or write and that she is not very good at math. Tr. 31. Her boyfriend pays the bills and reads the mail to her. Tr. 32. She stays at home most of the time. Tr. 33. She cannot be around a lot of people or she feels panicky. Tr. 33. Plaintiff testified she has a "really bad memory problem." Tr. 38.

Plaintiff testified that she experiences seizures. Tr. 34. She stares into space and gets sweaty and shaky during seizures five or six times a month. Tr. 34-35. Her seizures each last 30-60 seconds. Tr. 36. She feels tired afterward and needs to lie down for about an hour. Tr. 36. She does not take any medication for seizures. Tr. 37. She has had physical therapy for a back problem. Tr. 40.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must

consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of

adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since May 15, 2014, the application date. Tr. 449. At step two, the ALJ found that Plaintiff has the following severe impairments: learning disorder, not otherwise specified, and borderline intellectual functioning. Tr. 449. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 451.

The ALJ then found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations:

> The claimant can never climb ladders, ropes, or scaffolds. The claimant should avoid all exposure to hazards. The claimant is able t understand, remember and carry out simple, routine tasks and instructions. The claimant is able to maintain attention and concentration on simple,

routine tasks for two-hour intervals between regularly scheduled breaks. The claimant should be in a very predictable environment with no changes in the work routine, and in those odd/rare instances where a change may occur, the claimant would need additional time (defined as ten percent more than the average employee) to adapt to those changes. The claimant needs instructions to be hands-on or demonstrated and not written. The claimant can have no interaction with the public and only occasional, superficial (defined as non-cooperative) interaction with coworkers.

Tr. 453.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 457. After considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform such as agricultural produce sorter, cafeteria attendant, or fish cleaner. Tr. 457-58. Therefore, at step five, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since May 15, 2014, the date the application was filed. Tr. 458.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for review:

1.  Whether the ALJ properly assessed Listing 12.05 at step three;

2.  Whether the ALJ properly evaluated Plaintiff's subjective complaints; and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~8

3.      Whether the ALJ properly considered the medical opinion evidence. ECF No. 12 at 12.

**DISCUSSION**

**A.      Listing 12.05B**

Plaintiff contends she meets the criteria for disability due to intellectual disability under Listing 12.05B of 20 C.F.R. Part 404, Subpart P, Appendix 1 (May 24, 2016).[3] ECF No. 12 at 12-13.  The Listings describe "each of the major body systems impairments [considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925.  To "meet" a listed impairment, a claimant must establish that she has each characteristic of the listed impairment relevant to her claim.  20 C.F.R. § 416.926.  Plaintiff bears the burden of establishing she meets a listing.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).  If Plaintiff meets the listed criteria for disability, she is presumed to be disabled.  20 C.F.R. § 416.920(a)(4)(ii).

---

[3] The Listings are frequently revised.  The Court evaluates Plaintiff's impairment under the version of Listing 12.05B in effect at the time of the ALJ's decision.  *See Revised Medical Criteria for Evaluating Mental Disorders*, 81 Fed. Reg. 66138 n. 1 (2016) ("We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.").

At the time of the ALJ's decision, Listing 12.05B[4] could be met if Plaintiff's impairments matched three criteria:

1. Significantly subaverage general intellectual functioning evidenced by a or b:
a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
b. A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
a. Understand, remember, or apply information; or
b. Interact with others; or
c. Concentrate, persist, or maintain pace; or
d. Adapt or manage oneself; and

3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. § Pt. 404, Subpt. P, App. 1 (May 24, 2016).

The ALJ considered Listing 12.05B and found Plaintiff obtained a full-scale IQ score of 70 during cognitive testing, so the requirement of Listing 12.05B1 is met. Tr. 451. The ALJ noted that the medical expert, Margaret Moore, Ph.D.,

─────────────────

[4] Listing 12.05A is not applicable in this case because it requires the inability to function at a level required to participate in standardized testing of intellectual functioning.

testified that Plaintiff did not demonstrate deficits in adaptive functioning necessary to meet the Listing 12.05B2 when her activities are considered. Tr. 451. The ALJ observed that Plaintiff reported the ability to engage in a wide range of activities such as preparing meals, performing household chores, shopping, and caring for children. Tr. 451 (citing Tr. 38-42, 242-43, 166-72). Thus, the ALJ concluded Plaintiff does not have the deficits in adaptive functioning required to meet Listing 12.05B. Tr. 451.

Without citing any authority or the record, Plaintiff asserts that deficits in adaptive functioning are demonstrated by Plaintiff's failure to graduate from high school, her inability to read and write, her inability to drive, her lack of employment, and her inability to figure out bus schedules and routes. ECF No. 12 at 13. A generalized assertion of functional problems is not enough to establish disability at step three. *Tackett*, 180 F.3d at 1100. Plaintiff fails to identify any evidence in the record supporting the type of significant deficits in adaptive functioning required by Listing 12.05B. Plaintiff bears the burden of establishing she meets a listing. *Burch*, 400 F.3d at 683. Plaintiff fails to demonstrate or even argue that she has one extreme or two marked limitations in the ability to understand, remember, or apply information; the ability to interact with others; the ability to concentrate, persist, or maintain pace; or in the ability to adapt or manage herself. By contrast, the ALJ cited Dr. Moore's opinion that Plaintiff does not have significant deficits in adaptive functioning based on "what she's able to do and what she has been doing" and that

"it's clear that we don't have those kinds of deficits." Tr. 29, 451. This testimony supports the ALJ's conclusion regarding deficits in adaptive function.

Plaintiff contends the ALJ "did not meaningfully consider [the Listing 12.05B] criteria, relying exclusively on the opinion of Dr. Moore to make the determination." ECF No. 12 at 13; *see also* ECF No. 17 at 2. Plaintiff is not correct as the ALJ referenced the findings of Dr. Toews, Plaintiff's function report, and Plaintiff's testimony in addition to the testimony of the medical expert in assessing whether she meets Listing 12.05B. Tr. 451. Based on the foregoing, the ALJ's step three finding is supported by substantial evidence, and there is no error.

**B. Symptom Claims**

Plaintiff contends the ALJ improperly rejected her subjective complaints. ECF No. 12 at 13-14. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds that the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not credible. Tr. 454.

First, the ALJ found the objective medical evidence is not consistent with the alleged severity of Plaintiff's limitations. Tr. 455. An ALJ may not discredit a claimant's testimony and deny benefits solely because the degree of symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2) (2011). Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch*, 400 F.3d at 680.

The ALJ observed that objective test results obtained by Dr. Toews are inconsistent with Plaintiff's alleged limitations. Tr. 455. For example, Plaintiff reported problems with memory, Tr. 38 ("really bad memory problems," forgets movies and conversations), 170, but test results showed she recalled five digits forward reliably and four digits backward on one of two trials. Tr. 243. She also recalled three of three objects after five minutes and was able to recite the weekdays in reverse order. Tr. 243, 455. The ALJ reasonably concluded these

objective findings undermine the severity of Plaintiff's claimed memory problem. Tr. 455.

Plaintiff does not address the evidence cited by the ALJ but instead discusses her academic record and incorrectly asserts "the ALJ erroneously found that [Plaintiff] did not have special education in school." ECF No. 12 at 13; *see also* ECF No. 17 at 3. To the contrary, the ALJ cited Plaintiff's school records and found, "[t]he record does support the claimant received special education services while in school." Tr. 454. However, notwithstanding her school records, Plaintiff fails to identify any basis, authority, or argument which contradicts the ALJ's findings regarding the dissonance between Plaintiff's allegations and the objective test results obtained by Dr. Toews. As such, the ALJ's conclusion that the objective findings undermine Plaintiff's allegations is supported by substantial evidence.

Second, the ALJ found inconsistencies between Plaintiff's testimony and other reports of her activities in the record. Tr. 455-56. In evaluating a claimant's symptom claims, an ALJ may consider the consistency of an individual's own statements made in connection with the disability review process with any other existing statements or conduct made under other circumstances. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Thomas*, 278 F.3d at 958-59. The ALJ noted that her Function Report, Plaintiff stated she prepared meals, did dishes and laundry, used public transportation, shopped in stores, and did "everything" for her

daughter's care. Tr. 166, 455. She told Dr. Toews she is independent in basic self-care and she has a "full complement of independent living skills." Tr. 242, 456. She denied needing assistance with daily activities and said she could plan and prepare simple meals, do a full range of housework including laundry, and had no difficulty caring for her young daughter. Tr. 242. Similarly, Plaintiff's mother reported that Plaintiff has no problems with her personal care, could prepare meals, perform household chores, use public transportation, and shop in stores. Tr. 175-76, 456. By contrast, at the hearing she testified that she and her boyfriend did "everything together" and he helps her with the household tasks, including bathing and clothing their children, and that she cannot shop or use the bus by herself. Tr. 32-33, 38, 456. The ALJ found that Plaintiff's testimony was inconsistent with other statements about her activities, which reasonably undermines the weight of her symptom complaints overall. Tr. 456.

Plaintiff cites her own testimony and contends that the ALJ did not reasonably consider the evidence. ECF No. 12 at 14. The existence of a legally supportable alternative resolution of the evidence does not provide a sufficient basis for reversing an ALJ's decision that is supported by substantial evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir.1987). Plaintiff fails to address the inconsistencies identified by the ALJ and simply asserts another interpretation of the evidence. This is insufficient to establish error.

**B.    Opinion Evidence**

Plaintiff contends the ALJ improperly rejected the opinions of examining psychologist Jay M. Toews, Ed.D. ECF No. 12 at 15-17.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only

reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

Dr. Toews examined Plaintiff in July 2014 and diagnosed learning disorder and borderline intellectual functioning. Tr. 244-45. He also noted "rule out" cognitive disorder. Tr. 244. He opined that her learning disorder is "moderately severe" and noted she may be able to learn by observation and imitation with multiple practice trials. Tr. 244. He indicated Plaintiff appears capable of recalling one to two simple instructions and of performing simple and repetitive types of work activity. Tr. 244. He assessed marked limitations in the ability to change job routines or locations requiring learning new routines; moderate limitations in the ability to relate and interact with coworkers; and opined that she is not capable of dealing with the general public. Tr. 244.

The ALJ gave significant weight to most of the limitations assessed by Dr. Toews but gave little weight to his opinion that Plaintiff is capable of recalling "one to two step instructions." Tr. 454. The ALJ gave three reasons for rejecting that portion of Dr. Toews' opinion. Tr. 454. However, the ALJ incorrectly reported that Dr. Toews opined Plaintiff "is capable of 'recalling one to two step instructions,'" Tr. 454, when Dr. Toews actually opined Plaintiff "appears capable

of recalling 1-2 simple instructions."[5]  Tr. 244.  The ALJ therefore erred by discussing a limitation that was not assessed by Dr. Toews.

Plaintiff's arguments are based on the erroneous statement made by the ALJ, not on Dr. Toews' actual finding.  ECF No. 12 at 16-17; ECF No. 17 at 8-9. Plaintiff's arguments regarding the ALJ's reasons for rejecting the incorrect statement are therefore moot.

Although the ALJ misstated Dr. Toews' opinion, the error may be harmless if substantial evidence supports the ALJ's decision and the error does not affect the ultimate nondisability determination.  *See Carmickle v. Comm'r of Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

---

[5] A limitation to one- to two-step tasks "is materially more restrictive" than a limitation to "simple tasks" or "simple instructions." *Oxford v. Berryhill*, No. 1:16-CV-01763-JE, 2017 WL 7513227, at *11 (D. Or. Dec. 12, 2017), *report and recommendation adopted,* No. 1:16-CV-01763-JE, 2018 WL 785865 (D. Or. Feb. 7, 2018).  Thus, by discussing a limitation to one- or two-step tasks, the ALJ mistakenly discussed a more restrictive limitation than Dr. Toews actually assessed.

The ALJ found that Plaintiff can "understand, remember and carry out simple, routine tasks and instructions." Tr. 453. This reasonably accounts for Dr. Toews' determination that Plaintiff "appears capable of recalling 1-2 simple instructions" which is the only limitation assessed by Dr. Toews which was not expressly given significant weight by the ALJ. Tr. 244, 453. Because the RFC finding includes a limitation to simple instructions, all limitations mentioned by Dr. Toews are reasonably accounted for in the RFC and the Court concludes any error made by the ALJ in discussing a more restrictive limitation is therefore harmless.

Lastly, to the extent Plaintiff intended to challenge the ALJ's consideration of the opinion of the medical expert, Dr. Moore, ECF No. 12 at 14, the Court declines to address the issue because it was not argued with specificity in Plaintiff's opening brief. *See Carmickle*, 533 F.3d at 1161 n.2 (noting the court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief); *see also Christian Legal Soc. Chapter of Univ. of California v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010) (indicating the court may refuse to address claims that were only argued in passing or that were bare assertions with no supporting argument).

Similarly, Plaintiff suggests the opinion of John Arnold, Ph.D., dated July 13, 2016, should be considered by the Court even though it was submitted for the first time to the Appeals Council and was not reviewed by the ALJ. ECF No. 12 at

8 n.5; Tr. 12-19, 437-440. However, the Appeals Council found Dr. Arnold's opinion "does not relate to the period at issue" because it is dated after the ALJ's decision and therefore "does not affect the decision about whether you were disabled" before the date of the ALJ's decision. Tr. 438. The Court agrees and concludes Dr. Arnold's opinion has no impact on the outcome of this case. *See Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1159-60 (9th Cir. 2012). Additionally, Plaintiff makes no specific argument or assignment of error based on Dr. Arnold's opinion, ECF No. 12 at 12-18, so even if the opinion applied to the ALJ's decision, any argument to that effect is waived. *Bray*, 554 F.3d at 1226 n.7 (noting any argument not made in the opening brief is waived).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** April 24, 2019.

_____s/ Rosanna Malouf Peterson_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~21